LEE LITIGATION GROUP, PLLC
C.K. Lee (320249)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorney for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

MARY CONNER,
on behalf of herself and all others similarly situated,

        Plaintiff,

        -against-

G.E.C. RESTAURANT MANAGEMENT & DESIGN, LLC
d/b/a GREEN EGGS CAFÉ,

        Defendant.

Case No.:

**CLASS ACTION COMPLAINT**

**FILED**
FEB 12 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

---

Plaintiff, MARY CONNER (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, hereby files this Class Action Complaint against Defendant, G.E.C. RESTAURANT MANAGEMENT & DESIGN, LLC d/b/a GREEN EGGS CAFÉ (hereinafter "Defendant"), and states as follows:

### INTRODUCTION

1. This class action seeks to put an end to systemic civil rights violations committed by Defendant against the blind in the Commonwealth of Pennsylvania and across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services Defendant provides to its non-disabled customers through http://www.greeneggscafe.com (hereinafter the "Website"). The Website provides to the public a wide array of the goods, services, and other programs offered by Defendant. Yet, the Website

contains access barriers that make it difficult, if not impossible, for blind customers to use the Website. Defendant thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of services, including browsing menus, hours, and phone numbers online.

2. Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3. Specifically, the Website has many access barriers preventing blind people from independently navigating using assistive computer technology.

4. Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20/200. Some blind people who meet this definition have limited vision. Others have no vision.

5. Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are nearly 300,000 visually impaired persons in the Commonwealth of Pennsylvania.[2]

6. Many blind people enjoy using the Internet just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding self-

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] "Pennsylvania," *American Foundation for the Blind*, last modified January 2017, http://www.afb.org/info/blindness-statistics/state-specific-statistical-information/pennsylvania/235.

2

service food industry and from independently accessing the Website.

7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of alternative text, accessible forms, descriptive links, and resizable text, and limits the usage of tables and JavaScript, Defendant has chosen to rely on an exclusively visual interface. Defendant's sighted customers can independently browse, select, and find Defendant's menu, hours, and phone numbers without the assistance of others. However, blind people must rely on sighted companions to assist them in browsing Defendant's menu, hours, and phone numbers on the Website.

8. By failing to make the Website accessible to blind persons, Defendant is violating basic equal access requirements under federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

10. Plaintiff intended to browse Defendant's menu, hours, and phone numbers on the Website, but was unable to successfully do so due to accessibility barriers. Unless Defendant remedies the numerous access barriers on the Website, Plaintiff and Class members will continue to be unable to independently navigate, browse, and use the Website.

11. This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal law, to include monitoring of such measures, and to update and remove accessibility barriers on the Website so that Plaintiff and the proposed Class and Subclass of customers who are blind will be

able to independently and privately use the Website. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA").

13. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a). Defendant is subject to personal jurisdiction in the Eastern District of Pennsylvania based on the principle place of business of Defendant. Defendant is registered to do business in the Eastern District of Pennsylvania and has been doing business in the Eastern District of Pennsylvania. The restaurant locations are owned by Defendant and the majority are located in the Eastern District of Pennsylvania. Defendant also has been and is committing the acts alleged herein in the Eastern District of Pennsylvania, has been and is violating the rights of consumers in the Eastern District of Pennsylvania, and has been and is causing injury to consumers in the Eastern District of Pennsylvania.

## PARTIES

14. Plaintiff is and has been at all times material hereto a resident of New York, New York.

15. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA set forth at 28 CFR § 36.101 *et seq*. Plaintiff cannot use a computer without the assistance of screen reading software. Plaintiff has been denied the full enjoyment of the facilities, goods, and services of the Website, as a result of

accessibility barriers on the Website. Most recently in January 2018, Plaintiff attempted to browse Defendant's menu, hours, and phone numbers on the Website, but could not do so due to the inaccessibility of the Website. The inaccessibility of the Website has deterred her and Class members from enjoying the goods and services of Defendant.

16. Defendant is an American Limited Liability Company organized under the laws of the Commonwealth of Pennsylvania with a principal executive office located at 1730 Jackson Street, Philadelphia, PA 19145.

17. Defendant owns and operates Green Eggs Café (hereinafter the "Restaurant"), which are places of public accommodation located in Philadelphia, Pennsylvania, and Miami, Florida. The Restaurant provides to the public important goods, such as high-quality and eco-friendly brunch options. Among other things, the Website provides access to the array of goods and services offered to the public by Defendant. The inaccessibility of the Website has deterred Plaintiff from browsing the menu, hours, and locations online.

18. Plaintiff, on behalf of herself and others similarly situated, seeks full and equal access to the services provided by Defendant through the Website.

## CLASS ACTION ALLEGATIONS

19. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

20. Plaintiff seeks certification of the following Pennsylvania subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in the Commonwealth of Pennsylvania who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

21. There are hundreds of thousands of visually impaired persons in the Commonwealth of Pennsylvania. There are approximately 8.1 million people in the United States who are visually impaired. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

22. This case arises out of Defendant's policy and practice of maintaining an inaccessible website that denies blind persons access to the goods and services of the Website and the Restaurant. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse the Website and by extension the goods and services offered through the Website by the Restaurant.

23. There are common questions of law and fact common to the class, including without limitation, the following:

    (a)    Whether the Website is a "public accommodation" under the ADA; and

    (b)    Whether Defendant through the Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA.

24. The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that

Defendant has violated the ADA by failing to update or remove access barriers on the Website, so it can be independently accessible to the class of people who are legally blind.

25. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

26. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

27. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

28. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

29. Defendant operates the Restaurant, a restaurant offering brunch at the following locations:

    (a)    1306 Dickinson Street, Philadelphia, PA 19147

  (b)  719 North 2nd Street, Philadelphia, PA 19123

  (c)  1301 Locust Street, Philadelphia, PA 19107

  (d)  18729 Biscayne Boulevard, Aventura, FL 33180

30. The Website is a service and benefit offered by Defendant throughout the United States, including the Commonwealth of Pennsylvania. The Website is owned, controlled and/or operated by Defendant.

31. Among the features offered by the Website are the following:

  (a)  information about the Restaurant, allowing persons who wish to dine at the Restaurant to learn its locations, hours, and phone numbers;

  (b)  menus and specials;

  (c)  the ability to request information about catering and private parties; and

  (d)  information about the Restaurant's reviews and social media community.

32. This case arises out of Defendant's policy and practice of denying the blind access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, blind individuals have been and are being denied equal access to the Restaurant, as well as to the numerous goods, services and benefits offered to the public through the Website.

33. Defendant denies the blind access to goods, services and information made available through the Website by preventing them from freely navigating the Website.

34. The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

35. The blind access websites by using keyboards in conjunction with screen reading software which vocalizes visual information on a computer screen. Except for a blind person

whose residual vision is still sufficient to use magnification, screen reading software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access websites and the information, products, and services contained therein.

36. There are well established guidelines for making websites accessible to blind people. These guidelines have been in place for several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium, which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: ensuring that all functions can be performed using a keyboard and not just a mouse; adding alternative text to non-text content; ensuring that image maps are accessible; and adding headings so that blind people can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader.

37. The Website contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: the denial of keyboard access and the inability to skip repeated blocks of content.

38. The Website requires the use of a mouse to access essential content. The Website contains a significant amount of text content that is inaccessible via the keyboard, including the

hours and phone numbers. Additionally, the menu is a PDF, which is inaccessible to blind users. Yet, according to WCAG 2.0 Guideline 2.1.1, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, the Website's inaccessible design, which requires the use of a mouse to browse the menu, hours, and phone numbers, denies Plaintiff and blind customers the ability to independently navigate the Website.

39.   According to WCAG 2.0 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the Website. The Website has no navigation links to help blind users access the Website. Plaintiff must tab through every menu option on the Website to reach the desired service. As a result, the Website's inaccessible design denies Plaintiff and blind customers the ability to independently browse the Website.

40.   The Website thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use the Website and who would otherwise be able to fully and equally enjoy the benefits and services of the Restaurant.

41.   Plaintiff has made numerous attempts to browse the menu, hours, and phone numbers on the Website, most recently in January 2018, but was unable to do so independently because of the many access barriers on the Website. These access barriers have caused the Website to be inaccessible to, and not independently usable by, blind and visually impaired individuals.

42. Plaintiff experienced many barriers in attempting to access the Website. For instance, the Web Content Accessibility Guidelines (WCAG) are part of a series of web accessibility guidelines published by Web Accessibility Initiative (WAI) of the World Wide Web Consortium (W3C), which are the main international standards organization for the Internet. Plaintiff was completely blocked from online ordering since the Website is barely accessible. Defendant has failed to adhere to the recommendations of many of these guidelines such as:

    (a) WCAG 2.0 Guideline 2.1, which recommends businesses make all functionality available from a keyboard since the Website requires the visual activity of mouse manipulation to locate important information, such as the menu, hours, and locations.

    (b) WCAG 2.0 Guideline 2.4, which recommends businesses provide help for users to navigate, find content, and determine where they are on the Website.

    (c) WCAG 2.0 Guideline 4.1, which recommends businesses maximize compatibility with current and future user agents, including assistive technologies, for the reasons stated above.

43. As described above, Plaintiff has actual knowledge of the fact that the Website contains access barriers causing it to be inaccessible, and not independently usable by, blind and visually impaired individuals.

44. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits, and services of the Website and the Restaurant.

45. Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    (a) constructing and maintaining a website that is inaccessible to blind class

> members with knowledge of the discrimination; and/or
>
> (b) constructing and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or
>
> (c) failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

46. Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

47. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

48. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

49. The Restaurant is a sales establishment and public accommodation within the definition of 42 U.S.C. § 12181(7)(E). The Website is a service, privilege or advantage of Defendant. The Website is a service that is by and integrated with the Restaurant. Independent of the Restaurant, the Website is also a public accommodation.

50. Defendant is subject to Title III of the ADA because it owns and operates the

Website.

51. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

52. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

53. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

54. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

55. There are readily available, well established guidelines on the Internet for making

websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their websites accessible, including but not limited to: ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

56. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are blind have been denied full and equal access to the Website, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

57. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

58. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website and the Restaurant in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

59. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

60. The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

61. Plaintiff is also entitled to reasonable attorneys' fees and costs.

62. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

63. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

64. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the goods, services and facilities of the Website and by extension the Restaurant, which Defendant owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.* prohibiting discrimination against the blind.

65. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

66. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

67. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind

individuals;

68. A declaration that Defendant owns, maintains and/or operates the Website in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

69. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

70. Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by federal law;

71. For pre- and post-judgment interest to the extent permitted by law; and

72. Such other and further relief as the Court deems just and proper.

DATED: February 7, 2018

LEE LITIGATION GROUP, PLLC
C.K. Lee (320249)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

By: _____
C.K. Lee, Esq.